IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHRYN FETTERS, )
)
        Plaintiff, )
)
v. ) Civil Action No. 07-256J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 11th day of March, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her application for benefits on March 16, 2005, alleging a disability onset date of August 6, 2004, due to asthma, allergies, back problems and depression. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on July 12, 2006, at which plaintiff, represented by counsel, appeared and testified. On October 18, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On December 29, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has a high school equivalent education. She has past relevant work experience as a waitress, dishwasher and custodian, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of asthma and allergic rhinitis, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in medium work with certain restrictions recognizing the limiting effects of her impairments.[1] Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff is capable of performing her past relevant work of waitress and dishwasher in light of her age, education, work experience and residual functional capacity. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

---

[1] Specifically, the ALJ found that plaintiff has the residual functional capacity to perform work at the medium exertional level "but must avoid climbing ladders, ropes and scaffolds, must avoid prolonged exposure to fumes, odors, dusts, gases, extreme wetness and humidity, and environments with poor ventilation, and is limited to simple, routine and repetitive tasks involving simple, work-related decisions." (R. 15).

AO 72
(Rev. 8/82)

of substantial gainful work which exists in the national economy
...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's determination that she is not disabled. Specifically, plaintiff contends that: (1) the ALJ's residual functional capacity finding that plaintiff can perform medium work with restrictions is not supported by substantial evidence; and, (2) the ALJ erred at step 2 by finding that plaintiff's depression is not a severe impairment. Upon review, the court is satisfied that the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's residual functional capacity finding. At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

perform her past relevant work. 20 C.F.R. §404.1520(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a).

Here, the ALJ found that plaintiff retains the residual functional capacity to perform medium work activity with numerous physical, environmental and mental restrictions accounting for plaintiff's impairments. In rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence and incorporated into his finding only those limitations that reasonably could be supported by the medical evidence. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

Plaintiff, however, argues that it is "indisputable" that at best she can perform sedentary work because her asthma is triggered by even the "slightest physical exertion" and her back and ankle pain preclude her from standing/walking 6 hours in a workday. She therefore contends that she is disabled as a matter of law pursuant to the Medical-Vocational Guidelines ("grids").[3]

---

[3] The grids set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in

Plaintiff's contention simply is not supported by the evidence. There is no objective medical evidence in the record so much as suggesting that plaintiff is limited to sedentary work and no treating or examining physician ever indicated that plaintiff would be so limited. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ evaluated the medical evidence in accordance with the applicable standards set forth in the regulations[4] and that the objective medical evidence supports the ALJ's finding that plaintiff retains the residual functional capacity to perform medium work with the enumerated restrictions.

Moreover, to the extent plaintiff is relying upon her own subjective allegations that her limitations restrict her to no more than sedentary work, the court is satisfied that the ALJ

---

a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §404.1569; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00. The Supreme Court upheld the use of the grids in Heckler v. Campbell, 461 U.S. 458 (1983).

[4] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

properly evaluated plaintiff's subjective complaints in accordance with the regulations.[5] In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §404.1529(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 16-18). The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

Thus, while it is true, as plaintiff asserts, that an individual of plaintiff's age, education and work experience with a residual functional capacity for sedentary work would be disabled as a matter of law under grid rule 201.14, the evidence in this case supports the ALJ's finding that plaintiff can perform medium work with restrictions. Accordingly, grid Rule 201.14 is inapplicable.

Plaintiff next challenges the ALJ's step 2 finding that her depression is not a severe impairment. Although the court agrees with plaintiff that the ALJ's finding that plaintiff's depression is not severe is erroneous, the court finds that the ALJ's error was harmless and had no effect on the ultimate determination of not disabled since the ALJ did not deny benefits at step 2 but proceeded to consider plaintiff's depression under steps 3 and 4 of the sequential evaluation process.

---

[5] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §404.1520. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §404.1520(a). The step two inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546. "[R]easonable doubts on severity are to be resolved in favor of the claimant." Id. at 547.

Here, the ALJ concluded that plaintiff does not have a "'severe disabling mental health impairment.'" (R. 15). However, the medical evidence establishes that plaintiff's depression is "more than a slight abnormality" and does have some effect on her ability to do basic work activities. Both the consultative examining psychologist and the state agency medical consultant psychologist diagnosed plaintiff with depressive disorder and indicated that plaintiff's depression results in more than minimal restrictions on her ability to function in certain areas. Thus, the ALJ should have concluded that plaintiff's depression is a severe impairment under the regulations.

However, it is vitally important to note that, although the ALJ did render a step 2 finding that plaintiff's depression is not severe, he nevertheless proceeded to analyze plaintiff's depression under both step 3 and step 4. At step 3, the ALJ

analyzed plaintiff's depression in detail and found that it does not meet either Listing 12.04 or 12.06 and thoroughly explained how he arrived at that finding. (R. 13-15). And, at step 4, the ALJ incorporated limitations arising from plaintiff's depression into his residual functional capacity finding by limiting plaintiff to "simple, routine and repetitive tasks involving simple, work-related decisions." (R. 15).

Accordingly, in light of the fact that the ALJ continued his analysis of plaintiff's depression, and that analysis is supported by substantial evidence, the court is satisfied that the ALJ's step 2 finding that plaintiff's depression is not a severe impairment had no effect on the ultimate determination of non-disability. Cf., McCrea v. Commissioner of Social Security, 370 F.3d 357, 360-61 (3rd Cir. 2004) (the Commissioner's determination to deny an applicant's request for benefits at step 2 "should be reviewed with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".)

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 S. Braddock Ave., Suite 570
    Pittsburgh, PA 15218

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    Penn Traffic Building, Room 224
    319 Washington Street
    Johnstown, PA 15901